UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BRIAN EVANS,

Plaintiff,

v.

SIGNATURE RESOLUTION, LLC,

Defendant.



FILED BY _CW_ D.C.

MAR 04 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND

DAMAGES

JURY TRIAL DEMANDED

INTRODUCTION

This action concerns Defendant Signature Resolution, LLC's knowing and improper

opening and administration of a private arbitration in the absence of consent, based on

false representations, and in derogation of an active federal judicial proceeding. For

approximately seventeen months, the claimants took no action to arbitrate any dispute

involving Plaintiff. Only after Plaintiff filed suit in this Court did claimants attempt to

terminate the federal case by filing an unsigned, fill-in-the-blank stipulation of dismissal

that was seventeen months old, unserved, and unsigned by at least one purported party.

1

When that tactic failed, claimants waited two days and initiated arbitration through Defendant.

Claimants falsely told the arbitrators that no appearance had been filed in the federal case, even though an appearance had been on the docket for approximately one month. Defendant accepted and relied upon that false statement to open arbitration. After Plaintiff presented Defendant with the federal docket and the contradictory email, Defendant nevertheless continued administering arbitration and imposed coercive fee demands exceeding $16,000 per day. Defendant's conduct usurped authority reserved to the Court, interfered with an active federal proceeding, and was designed to pressure Plaintiff into abandoning his lawsuit, which Plaintiff refused. Federal courts recognize that arbitration may not be used to undermine judicial proceedings or to coerce abandonment of judicial rights.

JURISDICTION AND VENUE

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff seeks damages of $10,000,000, exclusive of interest and costs, as well as declaratory and injunctive relief. The amount-in-controversy requirement is satisfied where the value of the rights to be protected exceeds the jurisdictional threshold.

This Court has personal jurisdiction over Defendant because Defendant purposefully directed tortious and injurious conduct into Florida by opening and administering arbitration against a Florida resident, transmitting arbitration notices and fee demands into Florida, and interfering with a federal case pending in this District. Directing false or

coercive communications into Florida that cause injury satisfies Florida's long-arm statute. The exercise of jurisdiction comports with due process because Defendant's contacts were deliberate, the claims arise from those contacts, and Defendant could reasonably anticipate being haled into a Florida court.

Venue is proper in this District because a substantial part of the events occurred here, the judicial proceeding interfered with is pending here, and Plaintiff suffered injury here.

## PARTIES

Plaintiff Brian Evans is an individual residing in Hallandale Beach, Florida.

Defendant Signature Resolution, LLC is a California-based private alternative dispute resolution company that administers arbitrations nationwide and derives substantial revenue from doing so.

## FACTUAL ALLEGATIONS

For approximately seventeen months following execution of an unrelated settlement agreement involving other parties, claimants took no action to initiate arbitration of any dispute involving Plaintiff. Extended delay and litigation conduct inconsistent with arbitration constitutes waiver.

In mid-November, Plaintiff filed a federal civil action in this Court concerning the underlying dispute. An appearance was filed and remained on the public docket for approximately one month before any arbitration was opened. After Plaintiff filed suit, claimants attempted to terminate the case by filing a fill-in-the-blank stipulation of dismissal that was approximately seventeen months old, unsigned by at least one

3

plaintiff, and never served. An unsigned or noncompliant stipulation does not divest the court of jurisdiction.

Two days later, claimants initiated arbitration through Defendant. Claimants relied on a settlement agreement they deliberately refused to sign or become parties to, allegedly to avoid reputational harm. Non-signatories may not selectively invoke contract benefits while avoiding assent.

By illustration, if a document states "Disney owes me $10 million," but Disney never signed it or manifested assent, arbitration cannot be opened against Disney based on that language alone. Courts require consent, not reference or implication.

Claimants also falsely told the arbitrators that no appearance had been filed in the federal case. That statement was false. Defendant relied on that misrepresentation to open arbitration. After Plaintiff provided the federal docket and the contradictory email, Defendant had actual notice of the falsity yet continued administering arbitration and imposed escalating fee demands exceeding $16,000 per day. Proceeding after notice of falsity and jurisdictional defect constitutes bad faith and supports tort liability.

## COUNT I – DECLARATORY RELIEF

A real and immediate controversy exists regarding Defendant's authority to open and administer arbitration against Plaintiff. Arbitration is a matter of consent, and parties may not be compelled to arbitrate absent agreement. Questions of arbitrability are presumptively for courts unless clearly delegated, which did not occur here.

4

Claimants were non-signatories who intentionally avoided signing the settlement agreement and therefore lacked standing to invoke arbitration. Non-signatory enforcement is limited to narrow doctrines not present here. Defendant lacked authority to proceed once arbitrability was contested and a federal case was pending.

Plaintiff seeks a declaration that Defendant lacked authority to open or administer arbitration and that all arbitration activity is void.

## COUNT II – INJUNCTIVE RELIEF

Defendant's continued administration of arbitration causes ongoing and irreparable harm by interfering with Plaintiff's access to courts and subjecting Plaintiff to coercive economic pressure. Interference with constitutional access to courts constitutes irreparable injury.

There is no adequate remedy at law because monetary damages cannot remedy ongoing interference with judicial authority or prevent inconsistent rulings. Plaintiff is likely to succeed on the merits because arbitration was opened without consent and based on false representations.

The balance of equities and public interest favor an injunction because courts retain primary authority over arbitrability and may enjoin improper arbitral proceedings. Plaintiff seeks permanent injunctive relief barring Defendant from administering arbitration or demanding fees.

## COUNT III – ABUSE OF PROCESS

Defendant used the arbitral process by opening, administering, and enforcing arbitration proceedings against Plaintiff. The process was used for an ulterior purpose: to bypass judicial review and coerce Plaintiff into dismissing a pending federal case.

Defendant committed willful acts not proper in the regular conduct of arbitration by proceeding after notice of falsity and lack of consent. Plaintiff suffered damages including financial loss, emotional distress, and litigation burden.

## COUNT IV – TORTIOUS INTERFERENCE WITH A JUDICIAL PROCEEDING

Plaintiff has an existing and active federal judicial proceeding. Defendant had knowledge of that proceeding, including actual notice of the filed appearance.

Defendant intentionally interfered by administering arbitration based on false representations and by imposing coercive fee demands designed to pressure dismissal. Plaintiff suffered damages as a direct result of Defendant's interference.

## COUNT V – UNJUST ENRICHMENT

Defendant demanded and sought to collect arbitration fees arising from an arbitration opened without consent and maintained through false representations. Defendant knowingly sought to retain benefits under inequitable circumstances.

Defendant's enrichment would be unjust because the arbitration lacked authority from inception and continued after notice of defect. Equity requires restitution and disgorgement.

DAMAGES

Plaintiff seeks compensatory and punitive damages of $10,000,000, reflecting financial loss, emotional distress, reputational harm, interference with access to courts, and deterrence of intentional misconduct.

PRAYER FOR RELIEF

Plaintiff requests declaratory relief, permanent injunctive relief, damages of $10,000,000, costs, interest, and all other just relief.

JURY DEMAND

Plaintiff demands trial by jury.

Brian Evans

Plaintiff, Pro Se

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

Phone: 954-214-3076

March 3, 2026

7