**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21451-CIV-ALTONAGA/D'Angelo**

**BRIAN EVANS**,

     Plaintiff,

v.

**SIGNATURE RESOLUTION, LLC**,

     Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** came before the Court *sua sponte*. On March 4, 2026, Plaintiff, Brian Evans filed a Complaint [ECF No. 1] asserting five causes of action related to Defendant, Signature Resolution, LLC's facilitation of arbitration proceedings in connection with separate litigation between Plaintiff and a non-party. (*See generally id.*). Upon review, the Court concludes that the Complaint must be dismissed and that Counts I and II fail to state claims for relief.

***Jurisdictional Allegations.*** "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case[.]" *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alterations added).

In the Complaint, Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. section 1332(a). (*See* Compl. 2).[1] But Plaintiff provides insufficient information to support

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-21451-CIV-ALTONAGA/D'Angelo

diversity jurisdiction, as he fails to plead facts that establish complete diversity of citizenship.

First, Plaintiff alleges that he is "an individual residing in Hallandale Beach, Florida." (*Id.* 3). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). As it stands, Plaintiff has not provided the facts necessary for the Court to confirm his citizenship.

Second, Plaintiff alleges that Defendant, a limited liability company, "is a California-based . . . company" that conducts business nationwide. (Compl. 3 (alteration added)). For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, "[t]o sufficiently allege the citizenships of these unincorporated business entities[ for jurisdictional purposes], a party must list the citizenships of all the members of the limited liability company[.]" *Id.* (alterations added). Plaintiff does not identify the citizenship of each of Defendant's members. (*See generally* Compl.). Without this information, the Court cannot determine whether complete diversity exists and hence, whether it has subject matter jurisdiction.

Plaintiff will have an opportunity to correct both deficiencies. *See, e.g.*, *Criswell v. Convenience Stores, Inc.*, No. 08-cv-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28, 2008) (requiring litigants to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking").

***Counts I and II.*** Next, in Count I, Plaintiff purports to state a claim for declaratory relief. (*See* Compl. 4–5). Declaratory relief is not a free-standing cause of action, but rather a type of relief. *See Arencibia v. AGA Serv. Co.*, 533 F. Supp. 3d 1180, 1195 (S.D. Fla. 2021) ("Declaratory

relief is a procedural device [that] depends on an underlying substantive cause of action and cannot stand on its own." (alteration added; citations omitted)).

Similarly, in Count II, Plaintiff attempts to state a claim for injunctive relief. (*See* Compl. 5). Injunctive relief does not serve as a standalone cause of action, either. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[A]ny motion or suit for either a preliminary or permanent injunction must be based upon a cause of action[.]" (alterations added)); *see also Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097–98 (11th Cir. 2004).

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Brian Evans's Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiff has until **March 16, 2026** to submit an amended complaint correcting the foregoing deficiencies and removing standalone causes of action for declaratory relief and an injunction. Failure to do so will result in the entry of an order **dismissing** the case without prejudice. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of March, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**