# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

Brian Evans,

Plaintiff, Pro Se

v.



Signature Resolution LLC,

a California Limited Liability Company,

Defendant.

Case No. 26-21451-CIV-ALTONAGA/D'Angelo

## AMENDED COMPLAINT

### INTRODUCTION

This action arises from the administration of arbitration proceedings that were initiated after false

representations were made concerning the procedural status of federal litigation pending in the

United States District Court for the Southern District of Florida. The arbitration was initiated by

Creative Artists Agency after it represented to arbitrators that it had not appeared in the federal

litigation even though, according to Plaintiff, Creative Artists Agency had already made an

appearance in that federal case before the arbitration was initiated. Plaintiff alleges that the

1

arbitration nevertheless proceeded through Defendant Signature Resolution LLC despite the existence of the federal action and despite the inaccurate representation regarding the federal court appearance. Because arbitration was initiated and administered under circumstances that misrepresented the procedural posture of the federal case, Plaintiff contends that the arbitration process interfered with his ability to pursue his federal litigation and caused unnecessary legal costs. As a direct result of these events, Plaintiff suffered financial harm and other damages that exceed the jurisdictional threshold of this Court.

## PARTIES

Plaintiff Brian Evans is a citizen of the State of Florida and resides in Hallandale Beach, Florida. Plaintiff brings this action without the assistance of counsel and therefore proceeds pro se. Defendant Signature Resolution LLC is a limited liability company organized under the laws of the State of California that provides arbitration and mediation services as part of its business operations. Defendant administers dispute resolution proceedings involving parties located throughout the United States and therefore acts in a professional capacity when overseeing arbitration proceedings. At all relevant times, Defendant administered the arbitration proceeding that forms the basis of the allegations in this complaint.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and the dispute is between citizens of different states. Plaintiff Brian Evans is a citizen of the State of Florida and resides in Hallandale Beach, Florida. Defendant Signature Resolution LLC is a limited liability company organized under the laws of the State of California. For purposes of diversity jurisdiction, a limited liability company is

2

considered a citizen of every state in which its members are citizens. The United States Court of Appeals for the Eleventh Circuit confirmed this rule in Rolling Greens MHP LP v. Comcast SCH Holdings LLC, 374 F.3d 1020 (11th Cir. 2004), which held that a federal court must consider the citizenship of each member of a limited liability company when determining diversity jurisdiction, and this case applies here because Plaintiff must plead the citizenship of the LLC's members to establish diversity jurisdiction.

Upon information and belief, the members of Signature Resolution LLC include Dario Higuchi, Michael A. Latin, Richard A. Stone, Louis M. Meisinger, and Enrique Romero. Upon information and belief, each of these individuals is a citizen of the State of California. Because Plaintiff is a citizen of Florida and Defendant is therefore a citizen of California through the citizenship of its members, complete diversity exists between the parties. Complete diversity therefore exists under 28 U.S.C. §1332 because Plaintiff is a citizen of Florida and Defendant Signature Resolution LLC, through the citizenship of its members, is a citizen of California. Venue is proper in this District under 28 U.S.C. §1391 because the injuries giving rise to this action were suffered by Plaintiff in this District.

## FACTUAL ALLEGATIONS

Plaintiff previously filed litigation in the United States District Court for the Southern District of Florida against Creative Artists Agency. Prior to the initiation of arbitration proceedings, Creative Artists Agency had already made an appearance in the federal litigation. Despite that appearance, Creative Artists Agency represented to arbitrators that it had not appeared in the federal case and that arbitration could therefore proceed. Plaintiff alleges that these statements were inaccurate because the federal appearance had already occurred at the time the arbitration

3

was initiated. The arbitration proceeding was administered through Signature Resolution LLC, which oversaw the arbitration despite the existence of the federal litigation and the inaccurate statements regarding the federal appearance. As a result, arbitration moved forward under circumstances that misrepresented the procedural posture of the federal case and forced Plaintiff to expend time and resources addressing the arbitration while the federal litigation remained pending.

Plaintiff's claims are supported by documentary evidence and communications that reflect the sequence of events surrounding the initiation and administration of the arbitration proceeding referenced in this Complaint. These materials include communications relating to the status of the federal litigation, representations made to arbitration administrators regarding whether appearances had been made in federal court, and correspondence reflecting the procedural handling of the arbitration proceeding.

To the extent such materials are not currently in Plaintiff's possession, they are within the custody or control of Defendant and other participants in the arbitration process and are expected to be produced during discovery. Plaintiff therefore alleges that discovery will further confirm the representations made to the arbitration administrators and the administrative actions taken by Defendant in connection with the arbitration proceedings described herein.

COUNT I – NEGLIGENCE

Defendant owed a duty to exercise reasonable care when administering arbitration proceedings in order to ensure that the process was conducted in a manner consistent with professional and procedural standards. Plaintiff alleges that Defendant breached this duty by allowing arbitration proceedings to move forward despite the existence of federal litigation and despite inaccurate

4

statements concerning whether a federal court appearance had already occurred. Defendant knew or reasonably should have known that the federal case existed and that the representations concerning the federal appearance were inaccurate or misleading.

By administering the arbitration without adequately verifying the status of the federal litigation, Defendant failed to exercise reasonable care in performing its professional responsibilities. As a direct and proximate result of this conduct, Plaintiff incurred unnecessary litigation costs and other financial damages.

Defendant's conduct described herein concerns administrative and operational actions taken in the course of managing arbitration proceedings, rather than discretionary adjudicative acts performed by an arbitrator. Courts have recognized that arbitration administrators may be subject to liability when their conduct involves administrative or operational misconduct that falls outside the scope of arbitral decision-making functions traditionally protected by arbitral immunity.

Under Florida law, the elements of negligence include the existence of a legal duty, a breach of that duty, causation, and damages. See Clay Electric Cooperative, Inc. v. Johnson, 873 So.2d 1182 (Fla. 2003). This standard applies here because Plaintiff alleges that Defendant owed a duty to administer arbitration proceedings with reasonable care and breached that duty by allowing arbitration to proceed despite inaccurate representations regarding the procedural status of the federal litigation.

COUNT II – TORTIOUS INTERFERENCE WITH LITIGATION

Plaintiff had an active federal lawsuit pending in the United States District Court for the Southern District of Florida at the time the arbitration proceedings were initiated. Defendant

nevertheless administered arbitration proceedings that were initiated based upon statements that misrepresented the procedural status of that federal litigation. Defendant knew or reasonably should have known that allowing arbitration to proceed under these circumstances would interfere with Plaintiff's ability to pursue his claims in federal court.

By administering arbitration in parallel with the federal case under circumstances involving inaccurate representations regarding the federal appearance, Defendant created an additional proceeding that disrupted Plaintiff's litigation strategy and imposed additional costs. Plaintiff therefore suffered damages as a direct result of Defendant's conduct.

Federal law recognizes that interference with a party's ability to pursue legal claims can constitute a legally cognizable injury, as discussed in Haddle v. Garrison, 525 U.S. 121 (1998), and this case applies because it confirms that interference with the pursuit of federal legal rights may give rise to liability.

## PLEADING STANDARD

Federal Rule of Civil Procedure 8 requires that a complaint contain sufficient factual matter to state a claim that is plausible on its face. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court held that factual allegations must raise a right to relief above the speculative level and must provide enough detail to demonstrate that a claim is plausible rather than merely possible. The Supreme Court further clarified in Ashcroft v. Iqbal, 556 U.S. 662 (2009), that a complaint must contain sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. These decisions establish the modern federal pleading standard that governs civil complaints filed in federal court.

6

DAMAGES

As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including litigation costs, expenses associated with responding to arbitration proceedings, and other financial losses. The financial harm suffered by Plaintiff includes costs incurred as a result of responding to arbitration while simultaneously pursuing federal litigation. The total amount in controversy exceeds $75,000. Punitive damages must also be considered to deter this behavior in the future by these Defendants and Plaintiff seeks $500,000 in this action.

PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant. Plaintiff further requests an award of compensatory damages in an amount to be determined at trial. Plaintiff requests recovery of litigation costs permitted by law. Plaintiff also requests such other and further relief as the Court deems just and proper under the circumstances.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Brian Evans

Hallandale Beach, Florida

Plaintiff, Pro Se

7

March 9th, 2026

# EXHIBIT A

Case 1:26-cv-21451-CMA   Document 12   Entered on FLSD Docket 03/09/2026   Page 10 of 14

Ms. Osborne,

I am counsel for Claimants Creative Artists Agency, LLC and Steve Levine.

Respondent agreed to arbitrate any and all future disputes with Claimants. The arbitration agreement attached to the Demand for Arbitration states, "The exclusive manner of resolution of **all future disputes or controversies of any kind or nature between the Parties** [to the agreement, including Respondent and a former CAA client] **and/or their Related Parties** [defined in Paragraph I.A. of the agreement to expressly include both Claimants CAA and Steve Levine], **however characterized,** including, without limitation, any claim for breach of this Agreement, unauthorized disclosure of confidential information, any claim for breach, non-performance, enforcement, interpretation as well as any claim regarding the validity or invalidity of this Agreement, or for specific performance, among other claims (herein the 'Arbitration Claims'), shall be adjudicated and decided pursuant to the procedures set forth below for Confidential Mandatory Binding Arbitration. Such Confidential Mandatory Binding Arbitration shall take place in Los Angeles County, California, unless an alternate venue is mutually agreed by the Parties, before JAMS or Signature Resolution pursuant to JAMS' or Signature Resolution's Arbitration Rules then in effect ('Rules') and California law." *See* attached Demand for arbitration, Ex. A, Paragraph XI (emphasis added).

Respondent filed a complaint against Claimants in the Southern District of Florida in violation of this agreement. Claimants (Defendants in that case) have not yet formally appeared in the Florida case and have moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction. In the unlikely event that the motion to dismiss is denied, Claimants will move the District Court to compel arbitration. However, Claimants seek affirmative relief from Respondent in this forum, as the parties agreed. The pendency of Respondent's improper federal action does not divest Signature of jurisdiction over this arbitration. *See* Signature Rule 3 ("The appointed Arbitrator shall have the sole authority to determine the arbitrability of any dispute submitted to SIGNATURE and disputes of any kind, including but not limited to, who are the proper parties to the arbitration, the validity or revocability of the agreement containing the arbitration provision, or the or the arbitration provision itself.").

Claimants paid their portion of the arbitration fees on or about December 19, 2026. Pursuant to Signature Rule 6.b, "A party may agree to advance the amounts owed to SIGNATURE otherwise due from another party. In such event, any award may include reimbursements to the advancing Party of all advanced sums, irrespective of any contractual entitlement to fees and costs, and irrespective of whether the advancing Party prevailed in the arbitration. Any party who has failed to pay sums due to SIGNATURE, including deposits, may be precluded from asserting or defending any claim or counterclaim, offering evidence to support any affirmative claim or defense during the proceedings, from setting pre-arbitration motions for hearing, or from being heard on motions noticed by the opposing Party. The Arbitrator may enter a Party's default for failure to pay the amounts due, and, if not cured, thereafter issue a Default Award against that Party."

Claimants respectfully request that an Arbitrator be appointed promptly under Signature Rule 16. Furthermore, as Respondent has stated the he refuses to participate in the arbitration, Claimants

2/9/2026, 9:29 PM

# EXHIBIT B

EFD,REF_PTD

# U.S. District Court
## Southern District of Florida (Miami)
### CIVIL DOCKET FOR CASE #: 1:25-cv-25484-DPG

Evans v. Creative Artist Agency, LLC et al
Assigned to: Judge Darrin P. Gayles
Referred to: Magistrate Judge Ellen F. D'Angelo
Cause: 28:1332 Diversity

Date Filed: 11/21/2025
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Diversity

**Plaintiff**

**Brian Evans**

represented by **Brian Evans**
2080 South Ocean Drive, #1505
Hallandale Beach, FL 33009
954-214-3076
Email: belasvegas@yahoo.com
PRO SE

V.

**Defendant**

**Creative Artists Agency, LLC**

represented by **Alice Ferot**
Axs Law Group PLLC
2121 NW 2nd Avenue
Suite 201
Miami, FL 33127
305 322 2026
Email: alice@axslawgroup.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Levine**
*individually and in his capacity as an
agent of Creative Artist Agency, LLC*

represented by **Alice Ferot**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/21/2025 | 1 | COMPLAINT FOR DAMAGES, RECISSION, DECLATORY RELIEF, INJUNCTIVE RELIEF, AND JURY TRIAL DEMAND against Creative Artist Agency, LLC, Steve Levine. Filing fees $ 405.00 Paid, filed by Brian Evans. (Attachments: # 1 Civil Cover Sheet)(drz) Modified text on 11/24/2025 (drz). (Entered: 11/24/2025) |
| 11/21/2025 | 2 | Judge Assignment to Magistrate Judge Ellen F. D'Angelo (drz) (Entered: 11/24/2025) |

| 11/24/2025 | 3 | Clerks Notice of Receipt of Filing Fee received on 11/21/2025 in the amount of $ 405.00, receipt number FLS310678 (asz) (Entered: 11/24/2025) |
|---|---|---|
| 11/24/2025 | 6 | ORDER REGARDING JURISDICTION re 1 Complaint, filed by Brian Evans. Signed by Magistrate Judge Ellen F. D'Angelo on 11/24/2025. *See attached document for full details.* (Attachments: # 1 Exhibit) (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 4 | Summons Issued as to Creative Artists Agency, LLC, Steve Levine. (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 5 | ORDER OF INSTRUCTIONS TO PRO SE LITIGANT. Signed by Magistrate Judge Ellen F. D'Angelo on 11/25/2025. *See attached document for full details.* (drz) (Entered: 11/25/2025) |
| 12/01/2025 | 7 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Creative Artists Agency, LLC served on 11/25/2025, response/answer due 12/16/2025. (drz) (Entered: 12/01/2025) |
| 12/02/2025 | 8 | NOTICE of Filing Plaintiff's Notice of Errata and Classic Clarification Regarding Date of PTSD Diagnosis by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 9 | MOTION for Case Reassignment to a United States District Judge by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 10 | Duplicate Copy of SUMMONS (Affidavit) Returned Executed on 1 Complaint, **(no response/answer filing deadline set)** y Brian Evans. (See DE# 7 for duplicate copy). (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 11 | Plaintiff's Notice, and MOTION Requesting that the Court Accept this Notice and Mark the Attached Stipulation as Exhibit A by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 12 | ORDER granting 9 Motion to Reassign Case. Case reassigned to Judge Darrin P. Gayles and Magistrate Judge Ellen F. D'Angelo for all further proceedings. M agistrate Judge Ellen F. D'Angelo no longer assigned to the case. Signed by Magistrate Judge Ellen F. D'Angelo on 12/2/2025. *See attached document for full details.* (drz) (Entered: 12/02/2025) |
| 12/02/2025 | 13 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |
| 12/02/2025 | 14 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |

| 12/03/2025 | 15 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Steve Levine served on 12/1/2025, response/answer due 12/22/2025. (drz) (Entered: 12/03/2025) |
|---|---|---|
| 12/03/2025 | 16 | NOTICE of Attorney Appearance by Alice Ferot on behalf of Creative Artists Agency, LLC, Steve Levine. Attorney Alice Ferot added to party Creative Artists Agency, LLC(pty:dft), Attorney Alice Ferot added to party Steve Levine(pty:dft). (Ferot, Alice) (Entered: 12/03/2025) |
| 12/03/2025 | 25 | FULLY EXPANDED SUPPLEMENTAL FILING to 1 Complaint, by Brian Evans (drz) (Entered: 12/04/2025) |
| 12/03/2025 | | SYSTEM ENTRY - Docket Entry 17 [misc] restricted/sealed until further notice. (pes) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 18 [motion] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 19 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 20 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | 21 | PAPERLESS ORDER denying as moot Plaintiff's 11 Notice and Motion Regarding Prior Unsigned Stipulation in light of Plaintiff's 17 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 22 | PAPERLESS ORDER. The Clerk of Court shall seal the parties' 17 Stipulation of Dismissal with Prejudice of All Claims and Parties. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 23 | PAPERLESS ORDER. The Clerk of Court shall send Plaintiff's 18 Sealed Emergency Motion to Defendants' counsel of record. On or before December 18, 2025, Defendants shall file their response to Plaintiff's 18 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) Corrected docket links per chamber on 12/8/2025 (mf). (Entered: 12/04/2025) |
| 12/04/2025 | 24 | REQUEST for Electronic Notice(NEF) Enrollment by Brian Evans. (drz) Modified text on 12/4/2025 (jc). (Entered: 12/04/2025) |
| 12/04/2025 | 26 | CLERK'S NOTICE to Filer re 24 REQUEST for Electronic Notice (NEF) Enrollment by Brian Evans. The filer is instructed to submit the attached form and ensure that all boxes are checked to agree to all terms and conditions outlined in the consent form. (jc) (Entered: 12/04/2025) |
| 12/08/2025 | 27 | NOTICE of Compliance re 23 Order. Sealed Motion at DE# 18 mailed to Defendants' counsel of record. (scn) (Entered: 12/08/2025) |
| 12/08/2025 | | Set Deadline per DE#23 as to 18 SEALED MOTION EMERGENCY OMNIBUS MOTION TO STRIKE DEFENDANTS' IMPROPER STIPULATION OF DISMISSAL, TO SEAL DOCKET ENTRY 17, FOR SANCTIONS, FOR PROTECTIVE ORDER, AND FOR ANY OTHER APPROPRIATE RELIEF by Brian Evans. Responses due by 12/18/2025. (scn) (Entered: 12/08/2025) |