**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21451-CIV-ALTONAGA/D'Angelo**

**BRIAN EVANS**,

      Plaintiff,

v.

**SIGNATURE RESOLUTION, LLC**,

      Defendant.

_____/

## **ORDER**

**THIS CAUSE** came before the Court *sua sponte*.  On March 4, 2026, Plaintiff Brian Evans

filed a Complaint [ECF No. 1] asserting five causes of action related to Defendant, Signature

Resolution, LLC's facilitation of arbitration proceedings in connection with separate litigation

between Plaintiff and a non-party.  (*See generally id.*).  The next day, the Court entered an Order

[ECF No. 10] dismissing the Complaint due to jurisdictional defects and dismissing two claims

for failure to state claims for relief.  (*See generally id.*).  On March 9, 2026, Plaintiff filed an

Amended Complaint [ECF No. 12], asserting two causes of action and purportedly curing the

original Complaint's defects.  (*See generally id.*).  Upon review, the Court concludes the Amended

Complaint must be dismissed.

In the Amended Complaint, as in his initial Complaint, Plaintiff invokes the Court's

diversity jurisdiction under 28 U.S.C. section 1332(a).  (*See* Am. Compl. 2).[1]  But Plaintiff's

jurisdictional allegations regarding Defendant, Signature Resolution, LLC are still deficient.

Plaintiff alleges "[u]pon information and belief" the names of Defendant's members and states

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

those individuals are citizens of California.  (*Id.* 3 (alteration added)).

"[I]t is *never* appropriate to plead jurisdictional allegations upon information and belief." *Admiral Ins. Co. v. VPRART, LLC*, No. 21-cv-21312, 2021 WL 1318223, at *1 n.1 (S.D. Fla. Apr. 7, 2021) (alteration added; emphasis in original; citations omitted); *see also Dockery v. Hartford Ins. Co. of the Midwest*, No. 19-21904-Civ, 2019 WL 8895231, at *1 (S.D. Fla. May 24, 2019) (explaining that an allegation of residency made on information and belief "does not qualify as a 'fact' establishing jurisdiction"); *Clayton Consulting Servs., Inc. v. Squire Dental Mgmt., LLC*, No. 20-cv-1165, 2020 WL 6263756, at *2 (M.D. Fla. Oct. 23, 2020) ("Allegations premised only on information and belief are plainly insufficient to establish the jurisdictional thresholds necessary to invoke [the c]ourt's subject matter jurisdiction." (alteration added; citations and quotation marks omitted)).

Further, as explained in the Court's prior Order, for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Therefore, "[t]o sufficiently allege the citizenships of these unincorporated business entities[ for jurisdictional purposes], a party must list the citizenships of all the members of the limited liability company[.]" *Id.* (alterations added).  It is unclear whether the individuals Plaintiff identifies are all, or merely some, of Defendant's members.  (*See* Am. Compl. 3 (alleging that Defendant's members "include" the listed individuals)).  Without the citizenships of *all* of Defendant's members, the Court cannot determine whether complete diversity exists and hence, whether it has subject matter jurisdiction.

Plaintiff will have one final opportunity to correct the jurisdictional deficiencies.  *See, e.g., Criswell v. Convenience Stores, Inc.*, No. 08-cv-257, 2008 WL 4098946, at *2 (M.D. Ga. Aug. 28,

2008) (requiring litigants to "correct the deficient allegations of citizenship" where the jurisdictional allegations were "lacking").

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Brian Evans's Amended Complaint **[ECF No. 12]** is **DISMISSED without prejudice**.  Plaintiff has until **March 19, 2026** to submit a second amended complaint correcting the foregoing deficiencies.  Failure to do so will result in the entry of an order **dismissing** the case without prejudice.  Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 9th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

3