**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

CASE NO. 26-21451-CIV-ALTONAGA/D'ANGELO

```
FILED BY_____D.C.

    MAR 16 2026
   ANGELA E. NOBLE
  CLERK U.S. DIST. CT.
 S. D. OF FLA. - FT. LAUD.
```

BRIAN EVANS,

Plaintiff,

v.

SIGNATURE RESOLUTION, LLC,

Defendant.

**SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES**

JURY TRIAL DEMANDED

**NATURE OF THE ACTION AND RELIEF SOUGHT**

This civil action seeks declaratory, injunctive, and monetary relief arising from Defendant Signature Resolution, LLC's administration of an arbitration proceeding against Plaintiff despite the absence of any enforceable arbitration agreement binding Plaintiff to the claimants who initiated the arbitration.

Resolution, LLC is a citizen of California through the citizenship of all its members, complete diversity of citizenship exists between the parties and this Court has subject-matter jurisdiction under 28 U.S.C. §1332.

Because Plaintiff is a citizen of Florida and each member of Defendant is a citizen of California, complete diversity exists under 28 U.S.C. §1332.

The amount in controversy exceeds $75,000 because Plaintiff seeks damages exceeding $2,000,000.

Personal jurisdiction exists because Defendant purposefully directed tortious conduct toward a Florida resident and administered arbitration proceedings against Plaintiff while transmitting arbitration notices and fee demands into Florida.

Venue is proper in this district under 28 U.S.C. §1391 because a substantial portion of the events giving rise to these claims occurred in this district and Plaintiff suffered injury here.

Federal courts also possess inherent authority to determine arbitrability and protect their jurisdiction from improper interference. In Klay v. United Healthgroup, Inc., 376 F.3d 1092 (11th Cir. 2004) the Eleventh Circuit recognized that federal courts may act to protect the integrity of judicial proceedings. This principle applies because Defendant's arbitration administration interferes with a federal case pending before this Court.

### PARTIES

Plaintiff Brian Evans is an entertainer and recording artist residing and citizen of and in Hallandale Beach, Florida.

Defendant Signature Resolution, LLC is a California-based dispute resolution company that administers arbitration proceedings nationwide.

## FACTUAL ALLEGATIONS

For approximately seventeen months following execution of a settlement agreement involving other parties, the claimants took no action to initiate arbitration against Plaintiff. During that entire period no arbitration demand was filed and no arbitration proceeding was commenced.

Plaintiff subsequently filed a federal lawsuit in this Court concerning the underlying dispute.

An appearance was filed in the federal case and remained on the public docket for approximately one month before any arbitration proceeding was opened.

After Plaintiff filed suit, the claimants attempted to terminate the federal case by filing an unsigned stipulation of dismissal that was approximately seventeen months old and had never been served.

The stipulation was unsigned by at least one purported party and therefore had no legal effect. It was a "fill in the blank" document that the parties who sought to open arbitration essentially "put in the bank" for any use whatsoever. Defendants proceeded with opening arbitration regardless of this.

When that attempt failed, the claimants initiated arbitration through Defendant Signature Resolution, LLC.

The claimants relied on a settlement agreement they themselves had deliberately refused to sign.

Courts repeatedly hold that arbitration cannot be imposed absent agreement.

The claimants then falsely represented to the arbitrators that no appearance had been filed in the federal case.

That statement was false.

Defendant relied on that representation to open the arbitration.

After Plaintiff provided Defendant with the federal docket confirming the falsity of the representation, Defendant nevertheless continued administering the arbitration.

Defendant also imposed arbitration fee demands exceeding $16,000 per day. The escalating fee demands created economic pressure intended to force Plaintiff to abandon his federal lawsuit.

Defendant's conduct interfered with Plaintiff's federal litigation and caused financial harm, litigation burden, emotional distress, and reputational injury.

The conduct challenged in this action concerns Defendant's administrative actions in opening and managing an arbitration proceeding rather than any adjudicative decision made by an arbitrator. Arbitration administrators perform operational functions related to initiating and administering proceedings and are not engaged in the adjudicative decision-making process reserved to arbitrators. Courts recognize that arbitral immunity applies to adjudicative acts integral to the arbitration decision-making function but does not extend to administrative conduct undertaken by arbitration administrators. See New England Cleaning Services, Inc. v. American Arbitration Association, 199 F.3d 542, 545–46 (1st Cir. 1999). Plaintiff's claims arise from Defendant's decision to open and continue administering an arbitration proceeding after receiving notice of material defects in the arbitration demand and the absence of contractual authority for the arbitration.

7

## COUNT I

## ABUSE OF PROCESS

Defendant used the arbitration process by opening and administering arbitration proceedings against Plaintiff.

The process was used for an ulterior purpose unrelated to legitimate dispute resolution.

Under Florida law abuse of process occurs when legal process is used primarily to accomplish an improper purpose. Bothmann v. Harrington, 458 So.2d 1163 (Fla. 3d DCA 1984). The court held that liability exists where legal procedures are used to coerce a party or achieve objectives outside the intended purpose of the process. That rule applies because arbitration was used to pressure Plaintiff to abandon federal litigation.

Defendant continued administering arbitration even after receiving notice that the arbitration lacked contractual authority.

Plaintiff suffered financial harm and litigation burden as a result.

## COUNT I1

## TORTIOUS INTERFERENCE WITH A JUDICIAL PROCEEDING

Plaintiff has an existing federal judicial proceeding pending before this Court.

Defendant had actual knowledge of that proceeding.

Defendant intentionally interfered with Plaintiff's federal case by administering arbitration proceedings designed to pressure Plaintiff to dismiss his lawsuit.

8

Florida law recognizes liability for interference with an existing legal relationship. Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812 (Fla. 1994). The Florida Supreme Court held that interference with a business or legal relationship may give rise to tort liability. This rule applies because Defendant interfered with Plaintiff's federal lawsuit.

Defendant's interference caused damages to Plaintiff.

## COUNT III

## UNJUST ENRICHMENT

Defendant demanded arbitration fees arising from an arbitration proceeding that lacked contractual authority.

Under Florida law unjust enrichment occurs when a party knowingly retains benefits obtained under inequitable circumstances. Della Ratta v. Della Ratta, 927 So.2d 1055 (Fla. 4th DCA 2006). The court held that restitution is required when a party retains benefits that equity requires to be returned. This rule applies because Defendant sought to collect arbitration fees despite knowing the arbitration lacked authority.

Defendant knowingly continued administering arbitration after receiving notice of the defect.

Allowing Defendant to retain arbitration fees under these circumstances would be unjust.

Equity therefore requires restitution.

## COUNT IV

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

9

Defendant engaged in conduct that was extreme and outrageous and beyond all bounds of decency tolerated in a civilized community.

Defendant knowingly opened and administered arbitration proceedings against Plaintiff despite the absence of any enforceable arbitration agreement binding Plaintiff to the claimants initiating the arbitration.

After Plaintiff provided documentation demonstrating that the arbitration lacked contractual authority and was based upon materially false representations concerning the federal court proceedings, Defendant nevertheless continued administering the arbitration.

Defendant imposed escalating arbitration fee demands exceeding $16,000 per day while knowing that the arbitration lacked a valid contractual basis and while a federal lawsuit concerning the same dispute was already pending.

This conduct was not merely negligent or mistaken. Defendant continued its conduct after receiving notice of the jurisdictional and factual defects in the arbitration and nevertheless maintained the proceeding in a manner designed to pressure Plaintiff into abandoning his federal lawsuit.

Under Florida law, intentional infliction of emotional distress occurs when a defendant engages in conduct that is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community. Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 278–79 (Fla. 1985).

Florida courts have repeatedly recognized that intentional misconduct designed to cause severe emotional harm or undertaken with reckless disregard of the likelihood of such harm may give

rise to liability for intentional infliction of emotional distress. Liberty Mutual Ins. Co. v. Steadman, 968 So.2d 592 (Fla. 2d DCA 2007).

Defendant either intended to cause emotional distress to Plaintiff or acted with reckless disregard of the near certainty that its conduct would cause such distress.

As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress, including anxiety, mental anguish, and emotional suffering resulting from the coercive arbitration proceeding and the financial pressure imposed by the escalating arbitration fee demands.

The emotional distress suffered by Plaintiff was substantial and not trivial or transitory.

## COUNT V

## CIVIL CONSPIRACY

At all relevant times, Defendant Signature Resolution, LLC and the non-party claimants who initiated the arbitration proceeding acted in concert and with a common understanding to use arbitration procedures for purposes unrelated to legitimate dispute resolution.

The objective of this coordinated conduct was to pressure Plaintiff into abandoning a pending federal lawsuit by imposing arbitration proceedings and escalating arbitration fees despite the absence of any enforceable arbitration agreement binding Plaintiff to the claimants.

In furtherance of this coordinated course of conduct, the claimants submitted representations to the arbitration administrator and arbitrators that no appearance had been filed in Plaintiff's federal case.

11

That representation was materially false and contradicted by the public federal docket.

Plaintiff notified Defendant that the representation concerning the federal appearance was false and provided the federal docket confirming that an appearance had been filed. After receiving this notice and the federal court record confirming the prior appearance, Defendant nevertheless continued administering the arbitration proceeding and imposing escalating arbitration fee demands, thereby ratifying and acting upon the claimants' false representations.

These acts were undertaken in furtherance of the parties' coordinated effort to pressure Plaintiff into abandoning his federal lawsuit.

The conduct described above constituted overt acts in furtherance of the conspiracy.

Under Florida law, civil conspiracy occurs when two or more parties agree to accomplish an unlawful objective or to accomplish a lawful objective by unlawful means and damages result. Walton v. Tomax Corp., 632 So.2d 178, 181 (Fla. 5th DCA 1994).

Civil conspiracy also requires an underlying tort or wrong committed pursuant to that agreement. Raimi v. Furlong, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997).

Federal courts applying Florida law likewise recognize that civil conspiracy requires an agreement and overt acts taken in furtherance of the conspiracy. Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1067 (11th Cir. 2007).

The underlying unlawful acts supporting the conspiracy include abuse of process and tortious interference with Plaintiff's federal judicial proceeding.

**DAMAGES**

12

Plaintiff has suffered financial losses, emotional distress, reputational harm, and interference with access to the courts.

Plaintiff seeks compensatory and punitive damages in the amount of $2,000,000.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

Declare that Defendant lacked authority to administer arbitration proceedings against Plaintiff.

Enter permanent injunctive relief prohibiting Defendant from continuing arbitration proceedings.

Award compensatory and punitive damages in the amount of $2,000,000.

Award costs and any additional relief the Court deems just.

## JURY DEMAND

Plaintiff demands trial by jury.

Brian Evans

March 16, 2026

Plaintiff, Pro Se

2080 South Ocean Drive

Apt. 1505

Hallandale Beach, Florida 33009

954-214-3076

14

# EXHIBIT A

Court Docket No 16 confirming Appearance made by Creative Artists Agency on December 3rd, 2026 in that case.

Case 1:26-cv-21451-CMA   Document 16   Entered on FLSD Docket 03/16/2026   Page 13 of 20

EFD,REF_PTD

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:25-cv-25484-DPG

| | |
|---|---|
| Evans v. Creative Artist Agency, LLC et al | Date Filed: 11/21/2025 |
| Assigned to: Judge Darrin P. Gayles | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Ellen F. D'Angelo | Nature of Suit: 890 Other Statutory |
| Cause: 28:1332 Diversity | Actions |
| | Jurisdiction: Diversity |

**Plaintiff**

**Brian Evans**                                    represented by **Brian Evans**
2080 South Ocean Drive, #1505
Hallandale Beach, FL 33009
954-214-3076
Email: belasvegas@yahoo.com
*PRO SE*

V.

**Defendant**

**Creative Artists Agency, LLC**                   represented by **Alice Ferot**
Axs Law Group PLLC
2121 NW 2nd Avenue
Suite 201
Miami, FL 33127
305 322 2026
Email: alice@axslawgroup.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steve Levine**                                   represented by **Alice Ferot**
*individually and in his capacity as an*           (See above for address)
*agent of Creative Artist Agency, LLC*             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2025 | 1 | COMPLAINT FOR DAMAGES, RECISSION, DECLATORY RELIEF, INJUNCTIVE RELIEF, AND JURY TRIAL DEMAND against Creative Artist Agency, LLC, Steve Levine. Filing fees $ 405.00 Paid, filed by Brian Evans. (Attachments: # 1 Civil Cover Sheet)(drz) Modified text on 11/24/2025 (drz). (Entered: 11/24/2025) |
| 11/21/2025 | 2 | Judge Assignment to Magistrate Judge Ellen F. D'Angelo (drz) (Entered: 11/24/2025) |

| 11/24/2025 | 3 | Clerks Notice of Receipt of Filing Fee received on 11/21/2025 in the amount of $ 405.00, receipt number FLS310678 (asz) (Entered: 11/24/2025) |
|---|---|---|
| 11/24/2025 | 6 | ORDER REGARDING JURISDICTION re 1 Complaint, filed by Brian Evans. Signed by Magistrate Judge Ellen F. D'Angelo on 11/24/2025. *See attached document for full details.* (Attachments: # 1 Exhibit) (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 4 | Summons Issued as to Creative Artists Agency, LLC, Steve Levine. (drz) (Entered: 11/25/2025) |
| 11/25/2025 | 5 | ORDER OF INSTRUCTIONS TO PRO SE LITIGANT. Signed by Magistrate Judge Ellen F. D'Angelo on 11/25/2025. *See attached document for full details.* (drz) (Entered: 11/25/2025) |
| 12/01/2025 | 7 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Creative Artists Agency, LLC served on 11/25/2025, response/answer due 12/16/2025. (drz) (Entered: 12/01/2025) |
| 12/02/2025 | 8 | NOTICE of Filing Plaintiff's Notice of Errata and Classic Clarification Regarding Date of PTSD Diagnosis by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 9 | MOTION for Case Reassignment to a United States District Judge by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 10 | Duplicate Copy of SUMMONS (Affidavit) Returned Executed on 1 Complaint, **(no response/answer filing deadline set)** y Brian Evans. (See DE# 7 for duplicate copy). (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 11 | Plaintiff's Notice, and MOTION Requesting that the Court Accept this Notice and Mark the Attached Stipulation as Exhibit A by Brian Evans. (jas) (Entered: 12/02/2025) |
| 12/02/2025 | 12 | ORDER granting 9 Motion to Reassign Case. Case reassigned to Judge Darrin P. Gayles and Magistrate Judge Ellen F. D'Angelo for all further proceedings. M agistrate Judge Ellen F. D'Angelo no longer assigned to the case. Signed by Magistrate Judge Ellen F. D'Angelo on 12/2/2025. *See attached document for full details.* (drz) (Entered: 12/02/2025) |
| 12/02/2025 | 13 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |
| 12/02/2025 | 14 | NOTICE OF COURT PRACTICE. Unless otherwise specified by the Court, every motion shall be double-spaced in Times New Roman 12-point typeface. **Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position.** If conflicts of position exist, the parties shall explain the conflicts in their separate motions. Failure to comply with **ANY** of these procedures may result in the imposition of appropriate sanctions including, but not limited to, the striking of the motion or dismissal of this action. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/02/2025) |

| | | |
|---|---|---|
| 12/03/2025 | 15 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/ answer filing deadline pursuant to Fed. R. Civ. P. 12 Steve Levine served on 12/1/2025, response/answer due 12/22/2025. (drz) (Entered: 12/03/2025) |
| 12/03/2025 | 16 | NOTICE of Attorney Appearance by Alice Ferot on behalf of Creative Artists Agency, LLC, Steve Levine. Attorney Alice Ferot added to party Creative Artists Agency, LLC(pty:dft), Attorney Alice Ferot added to party Steve Levine(pty:dft). (Ferot, Alice) (Entered: 12/03/2025) |
| 12/03/2025 | 25 | FULLY EXPANDED SUPPLEMENTAL FILING to 1 Complaint, by Brian Evans (drz) (Entered: 12/04/2025) |
| 12/03/2025 | | SYSTEM ENTRY - Docket Entry 17 [misc] restricted/sealed until further notice. (pes) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 18 [motion] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 19 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | | SYSTEM ENTRY - Docket Entry 20 [misc] restricted/sealed until further notice. (amb) (Entered: 12/04/2025) |
| 12/04/2025 | 21 | PAPERLESS ORDER denying as moot Plaintiff's 11 Notice and Motion Regarding Prior Unsigned Stipulation in light of Plaintiff's 17 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 22 | PAPERLESS ORDER. The Clerk of Court shall seal the parties' 17 Stipulation of Dismissal with Prejudice of All Claims and Parties. Signed by Judge Darrin P. Gayles (mp02) (Entered: 12/04/2025) |
| 12/04/2025 | 23 | PAPERLESS ORDER. The Clerk of Court shall send Plaintiff's 18 Sealed Emergency Motion to Defendants' counsel of record. On or before December 18, 2025, Defendants shall file their response to Plaintiff's 18 Emergency Motion to Strike Defendants' Improper Stipulation of Dismissal. Signed by Judge Darrin P. Gayles (mp02) Corrected docket links per chamber on 12/8/2025 (mf). (Entered: 12/04/2025) |
| 12/04/2025 | 24 | REQUEST for Electronic Notice(NEF) Enrollment by Brian Evans. (drz) Modified text on 12/4/2025 (jc). (Entered: 12/04/2025) |
| 12/04/2025 | 26 | CLERK'S NOTICE to Filer re 24 REQUEST for Electronic Notice (NEF) Enrollment by Brian Evans. The filer is instructed to submit the attached form and ensure that all boxes are checked to agree to all terms and conditions outlined in the consent form. (jc) (Entered: 12/04/2025) |
| 12/08/2025 | 27 | NOTICE of Compliance re 23 Order. Sealed Motion at DE# 18 mailed to Defendants' counsel of record. (scn) (Entered: 12/08/2025) |
| 12/08/2025 | | Set Deadline per DE#23 as to 18 SEALED MOTION EMERGENCY OMNIBUS MOTION TO STRIKE DEFENDANTS' IMPROPER STIPULATION OF DISMISSAL, TO SEAL DOCKET ENTRY 17, FOR SANCTIONS, FOR PROTECTIVE ORDER, AND FOR ANY OTHER APPROPRIATE RELIEF by Brian Evans. Responses due by 12/18/2025. (scn) (Entered: 12/08/2025) |

# EXHIBIT B

Email by Creative Artists Agency attorney to Signature Resolution dated January 7th, 2026 claiming "Defendants in the case have not yet formally appeared in the Florida case."

Exhibit A confirms otherwise. Special appearances were abolished in federal court in 1938. (Speir v. Robert C. Herd & Co., 189 F. Supp. 436 (D. Md. 1960), also jkWright & Miller, Federal Practice and Procedure Section 1344 which courts frequently cite.

## RE: Case ID: NRANB Creative Artists Agency, LLC v. Evans - Invoices

From: Chad R. Fitzgerald (cfitzgerald@khiks.com)

To: belasvegas@yahoo.com; josborne@signatureresolution.com

Cc: ALiskin@khiks.com; jlu@signatureresolution.com; accounting@signatureresolution.com

Date: Wednesday, January 7, 2026 at 07:29 PM EST

Ms. Osborne,

I am counsel for Claimants Creative Artists Agency, LLC and Steve Levine.

Respondent agreed to arbitrate any and all future disputes with Claimants. The arbitration agreement attached to the Demand for Arbitration states, "The exclusive manner of resolution of **all future disputes or controversies of any kind or nature between the Parties** [to the agreement, including Respondent and a former CAA client] **and/or their Related Parties** [defined in Paragraph I.A. of the agreement to expressly include both Claimants CAA and Steve Levine], **however characterized**, including, without limitation, any claim for breach of this Agreement, unauthorized disclosure of confidential information, any claim for breach, non-performance, enforcement, interpretation as well as any claim regarding the validity or invalidity of this Agreement, or for specific performance, among other claims (herein the 'Arbitration Claims'), shall be adjudicated and decided pursuant to the procedures set forth below for Confidential Mandatory Binding Arbitration. Such Confidential Mandatory Binding Arbitration shall take place in Los Angeles County, California, unless an alternate venue is mutually agreed by the Parties, before JAMS or Signature Resolution pursuant to JAMS' or Signature Resolution's Arbitration Rules then in effect ('Rules') and California law." *See* attached Demand for arbitration, Ex. A, Paragraph XI (emphasis added).

Respondent filed a complaint against Claimants in the Southern District of Florida in violation of this agreement. Claimants (Defendants in that case) have not yet formally appeared in the Florida case and have moved to dismiss it for lack of subject matter jurisdiction and lack of personal jurisdiction. In the unlikely event that the motion to dismiss is denied, Claimants will move the District Court to compel arbitration. However, Claimants seek affirmative relief from Respondent in this forum, as the parties agreed. The pendency of Respondent's improper federal action does not divest Signature of jurisdiction over this arbitration. *See* Signature Rule 3 ("The appointed Arbitrator shall have the sole authority to determine the arbitrability of any dispute submitted to SIGNATURE and disputes of any kind, including but not limited to, who are the proper parties to the arbitration, the validity or revocability of the agreement containing the arbitration provision, or the or the arbitration provision itself.").

Claimants paid their portion of the arbitration fees on or about December 19, 2026. Pursuant to Signature Rule 6.b, "A party may agree to advance the amounts owed to SIGNATURE otherwise due from another party. In such event, any award may include reimbursements to the advancing Party of all advanced sums, irrespective of any contractual entitlement to fees and costs, and irrespective of whether the advancing Party prevailed in the arbitration. Any party who has failed to pay sums due to SIGNATURE, including deposits, may be precluded from asserting or defending any claim or counterclaim, offering evidence to support any affirmative claim or defense during the proceedings, from setting pre-arbitration motions for hearing, or from being heard on motions noticed by the opposing Party. The Arbitrator may enter a Party's default for failure to pay the amounts due, and, if not cured, thereafter issue a Default Award against that Party."

Claimants respectfully request that an Arbitrator be appointed promptly under Signature Rule 16. Furthermore, as Respondent has stated the he refuses to participate in the arbitration, Claimants

request to be invoiced for Respondent's arbitration fees. Claimants further request that Respondent be precluded from asserting or defending any claim or counterclaim in the arbitration, from offering evidence to support any affirmative claim or defense during the proceedings, from setting pre-arbitration motions for hearing, and from being heard on any motion noticed by Claimants, and that the Arbitrator, once appointed, enter Respondent's default for failure to pay amounts due, and, if not cured, thereafter issue a Default Award against Respondent at the soonest opportunity pursuant to Signature Rule 6.b.

Please contact me with any questions. Claimants reserve all rights.

Sincerely,

Chad R. Fitzgerald
KINSELLA HOLLEY ISER KUMP STEINSAPIR LLP
11766 Wilshire Boulevard, Suite 750
Los Angeles, California 90025
310.566.9802
www.khiks.com

**From:** Brian Evans <belasvegas@yahoo.com>
**Sent:** Friday, December 19, 2025 12:50 PM
**To:** Jaclyn Osborne <josborne@signatureresolution.com>
**Cc:** Aaron C. Liskin <aliskin@kwikalaw.com>; Chad R. Fitzgerald <CFitzgerald@khiks.com>; Candace Hoffman <choffman@kwikhlaw.com>; jlu@signatureresolution.com; accounting@signatureresolution.com
**Subject:** Re: Case ID: NRANB Creative Artists Agency, LLC v. Evans - Invoices

**CAUTION: This email originated from outside of the organization.**

Ms. Osborne,

I am in receipt of the below email.

Please be advised that I do not consent to arbitration in this matter. The dispute between Creative Artists Agency, LLC and myself is currently pending before the United States District Court for the Southern District of Florida, and arbitrability is contested and unresolved. No court has ordered arbitration.

For clarity, the arbitration was initiated the day after the federal court sealed the stipulation of dismissal that was relied upon to attempt to open this arbitration. That issue remains pending before the federal court.

Accordingly, I dispute any obligation to participate in or pay for arbitration-

related fees. Please direct any further inquiries regarding arbitrability to counsel for Creative Artists Agency, LLC and codefendant(s).

Regards,

Brian Evans

Sent from my iPhone

On Dec 19, 2025, at 1:07 PM, Jaclyn Osborne <josborne@signatureresolution.com> wrote:

Counsel,

Please see attached invoices for the **Creative Artists Agency, LLC v. Evans** matter.

I have also attached our ACH Wire Instructions and W-9 form – if needed.

Should you have any questions, feel free to contact me or the Case Administrator, **Jasmine Lu**.

Thank you,

**Jaclyn Osborne**
**Associate - Client Experience**

M 858.977.8544
W signatureresolution.com
E josborne@signatureresolution.com


<image001.png>


IMPORTANT: The contents of this email and any attachments are confidential. They are intended for the named recipient(s) only. If you have received this email by mistake, please notify the sender immediately and do not disclose the contents to anyone or make copies thereof.


<image002.png>

<Invoice - KINSELLA HOLLEY ISER KUMP (Admin).pdf>

<Invoice - BRIAN EVANS (Admin).pdf>

<ACHWire Instructions-Signature Resolution JPM Chase.pdf>

<SIGNATURE W-9 (2025).pdf>


 2025-12-05 CAA v. Evans Arbitration Demand.pdf
5.6 MB