**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21451-CIV-ALTONAGA/D'Angelo**

**BRIAN EVANS**,

      Plaintiff,

v.

**SIGNATURE RESOLUTION, LLC**,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court *sua sponte*.  On March 4, 2026, Plaintiff Brian Evans filed a Complaint [ECF No. 1] asserting five causes of action related to Defendant, Signature Resolution, LLC's facilitation of arbitration proceedings in connection with separate litigation between Plaintiff and a non-party.  (*See generally id.*).  The next day, the Court entered an Order [ECF No. 10] dismissing the Complaint due to jurisdictional defects; dismissing two claims for failure to state claims for relief; and allowing Plaintiff to amend.  (*See generally* Mar. 5, 2026 Order).

On March 9, 2026, Plaintiff filed an Amended Complaint ("FAC") [ECF No. 12], asserting two causes of action and purportedly curing the original Complaint's defects.  (*See generally id.*).  The same day, the Court entered an Order [ECF No. 14] dismissing the FAC and warning Plaintiff that he had "one final opportunity to correct the jurisdictional deficiencies" in his pleading.  (Mar. 9, 2026 Order 2).[1]  On March 16, 2026, Plaintiff filed a Second Amended Complaint ("SAC") [ECF No. 16], asserting five causes of action and again purporting to cure the previous complaints'

_____

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

defects.  (*See generally id.*).  Upon review, the Court concludes the Second Amended Complaint must be dismissed.

In each of his pleadings, Plaintiff has invoked the Court's diversity jurisdiction under 28 U.S.C. section 1332(a).  (*See* Compl. 2; FAC 2; SAC 2).  In his initial Complaint, Plaintiff alleged Defendant is a California-based limited liability company, but he did not list the citizenships of each of Defendant's members.  (*See* Compl. 3; Mar. 5, 2026 Order 2).  Because the Court could not ascertain whether it has subject matter jurisdiction based on the limited information provided, it gave Plaintiff leave to amend to do so.  (*See* Mar. 5, 2026 Order 3).

Plaintiff amended, and in his FAC, he alleged on "information and belief" the names of certain members of the Defendant-LLC, stating those individuals are citizens of California.  (FAC 3).  But Plaintiff's jurisdictional allegations were made on information and belief — never sufficient in alleging jurisdiction — and the FAC did not state whether the individuals Plaintiff identified were all, or merely some, of Defendant's members.  (*See id.* (alleging that Defendant's members "include" the listed individuals); Mar. 9, 2026 Order 2).

In its two Orders dismissing Plaintiff's prior pleadings, the Court explained that for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); (*see* Mar. 5, 2026 Order 2 (citation omitted); Mar. 9, 2026 Order 2 (citation omitted)).  The Court explained to Plaintiff that "[t]o sufficiently allege the citizenships of these unincorporated business entities[ for jurisdictional purposes], a party must list the citizenships of all the members of the limited liability company[.]" *Rolling Greens*, 374 F.3d at 1022 (alterations added); (*see* Mar. 5, 2026 Order 2 (citation omitted); Mar. 9, 2026 Order 2 (citation omitted)).  "Without the citizenships of *all* of Defendant's members, the Court cannot

determine whether complete diversity exists and hence, whether it has subject matter jurisdiction." (Mar. 9, 2026 Order 2 (emphasis in original)).

In the SAC, Plaintiff alleges without any factual support that "[Signature] Resolution, LLC is a citizen of California through the citizenship of all its members" and that "each member of Defendant is a citizen of California," creating complete diversity of citizenship. (SAC 2 (alteration added)). These allegations are deficient. Plaintiff cannot circumvent jurisdictional requirements with a conclusory, unsupported allegation of Defendant's citizenship.

As the Court explained on *two prior occasions*, Plaintiff "must identify and list the citizenship of each member of a limited liability company[,]" that is, "the party invoking the [c]ourt's jurisdiction must *identify* the members of the unincorporated entity in its pleading." *GF Machining Sols. S.A. DE C.V. v. Circuitronix, LLC*, No. 23-cv-60970, 2024 WL 2815197, at *2 (S.D. Fla. Feb. 9, 2024) (alterations added; emphasis in original; citing *Underwriters at Lloyd's London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010); other citations omitted); (*see* Mar. 5, 2026 Order; Mar. 9, 2026 Order). "Thus, it is simply not enough to allege that [d]efendant's members are citizens of a particular state. [The p]laintiff must also identify the members of the limited liability company." *GF Machining Sols. S.A. DE C.V.*, 2024 WL 2815197, at *2 (alterations added); *see also OCRM, Ltd. v. Silent Yachts NA, LLC*, No. 24-cv-61049, 2024 WL 4120729, at *1 (S.D. Fla. June 20, 2024) ("[The p]laintiff has not alleged the citizenship of all the members of either [defendant]; therefore, the [c]ourt cannot ascertain whether it has subject matter jurisdiction over this case." (alterations added)); *Dome Tech., LLC v. S&J Indus., LLC*, No. 25-00528, 2025 WL 3678034, at *2 (S.D. Ala. Dec. 18, 2025) (plaintiff must "affirmatively identify all members of each LLC, so that the [c]ourt can assure itself that the [p]laintiff has properly assessed the citizenship of each" LLC (alterations added)).

CASE NO. 26-21451-CIV-ALTONAGA/D'Angelo

On his third and final attempt, despite the Court's instructions, Plaintiff has failed to allege information adequate to establish the Court's subject matter jurisdiction over this case.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Brian Evans's Second Amended Complaint **[ECF No. 16]** is **DISMISSED without prejudice**.  Any pending motions are **DENIED as moot**. No further amendments are permitted in this case.   *See Marantes v. Miami-Dade Cnty.*, 649 F. App'x 665, 673 (11th Cir. 2016) ("[O]ur case law does not require a district court to give a *pro se* litigant multiple opportunities to amend." (alteration added; citation omitted)). The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 17th day of March, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**