

FILED BY _____ D.C.

MAR 18 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 26-21451-CIV-ALTONAGA/D'ANGELO

BRIAN EVANS,

Plaintiff,

v.

SIGNATURE RESOLUTION, LLC,

Defendant.

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING
SECOND AMENDED COMPLAINT**

Plaintiff, Brian Evans, proceeding pro se, respectfully moves this Court for

reconsideration of its March 17, 2026 Order (ECF No. 17) dismissing the Second

Amended Complaint, and states:

**I. INTRODUCTION**

This case was dismissed after Plaintiff repeatedly amended his complaint in direct

response to the Court's instructions. The dismissal was not based on failure to follow

1

those instructions, but on a new requirement introduced for the first time in the Court's third order.

This deprived Plaintiff of a fair opportunity to cure and resulted in prejudice. Reconsideration is warranted

## II. PROCEDURAL HISTORY

- March 5 Order: Court identified jurisdiction defects and improper standalone claims.

- March 9 Order: Court clarified:

- No "information and belief"

- Must identify all LLC members

- Court granted final opportunity to amend

- March 16: Plaintiff filed Second Amended Complaint

- March 17: Court dismissed on a new ground ("unsupported" allegations)

## III. STANDARD FOR RECONSIDERATION

Reconsideration is appropriate to correct clear error or prevent manifest injustice.

The Eleventh Circuit requires that plaintiffs be given a meaningful opportunity to amend where defects are curable.

Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

2

Dismissal is improper where the plaintiff was not given an opportunity to cure the actual deficiency relied upon.

Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005).

## IV. ARGUMENT

### A. Plaintiff Fully Complied With Orders 1 and 2

Orders 1 and 2 required:

- Citizenship (not residence)

- Identification of LLC members

- No "information and belief"

- No standalone declaratory/injunctive claims

Plaintiff cured all of these.

### B. The Court Introduced a New Requirement in Order 3

In dismissing the SAC, the Court held allegations were "conclusory" and "unsupported."

That requirement was never mentioned in Orders 1 or 2.

### C. The Court Shifted the Standard After Plaintiff Relied on Its Orders

Plaintiff amended exactly as instructed.

Then, for the first time, the Court required evidentiary support.

That is a different standard than what was previously required.

3

### D. Exhibit A Confirms Plaintiff's Good-Faith Basis

Plaintiff relied on California Secretary of State records identifying all members.

Exhibit A shows:

- Richard Stone

- Louis Meisinger

- Michael Latin

- Dario Higuchi

This is precisely what Plaintiff relied on when curing Orders 1 and 2.

### E. The Court Improperly Moved the Goalpost

The Court:

1. Identified specific defects in Orders 1 and 2

2. Plaintiff cured those defects

3. The Court introduced a new requirement only in Order 3

4. The case was dismissed without allowing Plaintiff to address it

**This is prejudicial.**

### F. The Court Cannot Act as De Facto Defense Counsel

"Courts do and should show a leniency to pro se litigants… but this leniency does not give a court license to serve as de facto counsel for a party."

4

GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)

Courts may not rewrite pleadings to sustain dismissal or construct arguments not raised.

Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014)

## V. RELIEF REQUESTED

Plaintiff requests:

1. Vacatur of the March 17, 2026 Order

2. Reopening of the case

3. Leave to file a Third Amended Complaint including Exhibit A

4. Any further relief deemed proper

## VI. CONCLUSION

Plaintiff complied with all prior orders. The Court dismissed based on a new requirement raised only after the final amendment. This constitutes clear error and manifest injustice.

## VII. CERTIFICATE OF SERVICE

No certificate of service is required, as no defendant has appeared.

Brian Evans

Plaintiff, Pro Se

5

2080 South Ocean Drive, Apt. 1505

Hallandale Beach, Florida 33009

954-214-3076

belasvegas@yahoo.com

# EXHIBIT A

California Secretary of State – Statement of Information identifying

members of Signature Resolution, LLC

The exhibit does not introduce new facts. It simply reflects publicly available records that formed the basis of Plaintiff's allegations and addresses the Court's concern that those allegations were 'unsupported.





Case 1:26-cv-21451-CMA   Document 20   Entered on FLSD Docket 03/18/2026   Page 10 of 10

The UPS Store RFID Label

Tracking #

1Z361E83035391  2455